# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VINCENT DARNELL COSEY,**

    **Petitioner,**

    **v.**                                             **Case No. 18-CV-2001**

**WILLIAM J. POLLARD,**

    **Respondent.**

## ORDER ON PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE AND RECOMMENDATION FOR DISMISSAL OF PETITION

The petitioner, Vincent Darnell Cosey, who is currently incarcerated at the Dodge Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Accompanying his petition is a motion to proceed without prepaying the filing fee. (Docket # 3.) Cosey has also submitted his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 4.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Cosey's affidavit and his prison account statement, I find that he has sufficient assets to pay the $5.00 filing fee. While the end balance in Cosey's regular account has varied over the last six months, in the last four months, his balance contained sufficient assets to pay the one-time $5.00 filing fee. In November, his end

balance was $155.58. (Docket # 4.) Thus, Cosey's motion for leave to proceed without prepayment of the filing fee is denied.

At this juncture, the normal procedure would be to require Cosey to pay the filing fee. His petition, however, has an immediate glaring problem. Cosey filed a previous habeas corpus petition challenging the same conviction he now challenges in Eastern District of Wisconsin Case No. 13-CV-1437. The petition was dismissed as untimely. Cosey acknowledges that his current petition is a "second petition," and files a motion requesting permission to proceed on this new claim. (Docket # 2.) While 28 U.S.C. § 2244(b)(2) allows habeas petitioners to present claims in a second or successive habeas corpus petition under § 2254 in certain limited circumstances, the applicant must first seek and obtain an order from the appropriate court of appeals authorizing the district court to consider the application. Section 2244(b)(3)(A) states as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Nowhere in Cosey's motion does he indicate that he sought leave and obtained permission from the Seventh Circuit Court of Appeals to file a second or successive habeas petition. Until Cosey obtains such authorization from the Seventh Circuit Court of Appeals, his petition must be denied. *See Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition."). As such, because Cosey has not obtained prior permission from the court of appeals, it is recommended that this action be dismissed for lack of jurisdiction. *See id.*

Any petitioner appealing a district court's ruling dismissing his motion under 28 U.S.C. §

2254 must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Therefore, as required by Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, I recommend that this Court decline to issue a certificate of appealability. Of course, Cosey retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW, THEREFORE, IT IS ORDERED** that Cosey's motion for leave to proceed without prepaying the filing fee (Docket # 3) is **DENIED**;

**IT IS FURTHER RECOMMENDED** that Cosey's motion for order to allow a second petition (Docket # 2) be **DENIED** and this action be **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b);

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no

response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 20th day of December, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge